United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60350
Summary Calendar

KALED AWDE-MOHAMMAD,

                                              Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

                                              Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28-328-391
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Kaled Awde-Mohammad (Awde) seeks review of the Board of
Immigration Appeals's (BIA) summary affirmance of an Immigration
Judge's (IJ) denial of Awde's applications for asylum and
withholding of deportation, and order that he be deported to
Lebanon.  Awde contends that the BIA violated his right to due
process by summarily affirming the IJ's decision pursuant to
8 C.F.R. § 3.1(a)(7).  We AFFIRM.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ashcroft contends that Awde's argument on the merits of his claims for asylum and withholding of deportation is foreclosed by res judicata. The IJ denied Awde's claim on grounds that relief is precluded by res judicata, and the BIA affirmed without opinion. Because Awde now makes no challenge to this ruling, he is bound by it upon appeal. See Evergreen Presbyterian Ministries, Inc., 235 F.3d 908, 918 (5th Cir. 2000).

Awde contends that the IJ's order should be reversed because he made no findings or holdings regarding Awde's request for withholding of deportation. In fact, the IJ specifically stated that Awde's application therefor was denied.

Eligibility for withholding of deportation requires proof of a higher objective likelihood that an alien would be persecuted, than is required to establish his eligibility for asylum. Consequently, the alien's inability to establish that he is entitled to asylum necessarily results in his inability to demonstrate that he is entitled to withholding of deportation. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002). In light of the IJ's findings regarding asylum, therefore, there was no need for him to state reasons why he also denied Awde's request for withholding of deportation.

Finally, Awde contends that the BIA's summary affirmance of the IJ's decision by a single Board member pursuant to 8 C.F.R. § 3.1(a)(7) violated his due process rights under the Fifth Amendment to the United States Constitution. This

contention was recently held to lack merit in <u>Soadjede</u>

<u>v. Ashcroft</u>, ___F.3d___ (5th Cir. March 28, 2003, No. 02-60314),

slip op. 2106, 2108.

Accordingly, Awde's petition for review is DENIED, and the

order of the BIA is AFFIRMED.